UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW H.,

                Plaintiff,             **DECISION AND ORDER**

    v.

                                                6:21-CV-06241

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## BACKGROUND

Plaintiff, Matthew H., brought this action pursuant to Title II and Title XVI of the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB"). (Dkt. 1).

On September 6, 2022, Plaintiff's counsel filed a motion to substitute party requesting that this Court issue an order substituting Catherine Snyder, a mother of one of Plaintiff's children, for Plaintiff. (Dkt. 10). Defendant's position regarding the motion is unknown.

## DISCUSSION

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

1

1) <u>Survival of Plaintiff's claim</u>

The regulations provide that if an individual dies before any payment of social security benefits is made, such benefits can be made to the child of the deceased individual if there is no surviving spouse left. 42 U.S.C. § 404(d)(2); *see also Perlow v. Comm'r of Soc. Sec.*, No. 10-cv-1661(SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("[T]he Act expressly provides for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before collecting his underpayments.") (internal citation omitted). Therefore, Plaintiff's claim survives his death.

2) <u>Timeliness of Motion</u>

As to the timeliness of Plaintiff's motion, the Federal Rules of Civil Procedure provide that the motion for substitution may be made within 90 days of "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). "[C]ourts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion." *Worrell v. Colvin*, No. 1:12-CV-3386(ENV), 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013) (citations omitted). Here, Plaintiff's counsel first informed the Court of Plaintiff's death by filing a suggestion of death on June 7, 2022. (Dkt. 9). Since Plaintiff's deadline to file his motion fell on a federal holiday (Labor Day), the Court finds that the instant motion is timely filed.

3) <u>Proper Party for Substitution</u>

"A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'" *Perlow*, 2010 WL 4699871, at *2 (*citing Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1

2

(E.D.N.Y. Feb. 4, 2009)).  Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent.  *Garcia*, 2009 WL 261365, at *1 ("Whether a person is a proper 'successor or representative' of the decedent is determined by New York law.").  A "representative is a person who has received letters to administer the estate of a decedent." N.Y. E.P.T.L. § 1-2.13.  "A 'successor' of the deceased party is a 'distributee' of the decedent's estate if the estate has been distributed at the time the motion for substitution is made."  *Garcia*, 2009 WL 261365, at *1 (internal citations omitted).  "Courts generally reserve judgment as to whether the movant is a proper party for substitution when he or she fails to establish that he or she is the deceased party's 'representative' or a 'successor.'" *Scialdone v. Berryhill*, No. 16-CV-6433-FPG, 2017 WL 2835252, at *2 (W.D.N.Y. June 30, 2017) (internal citations omitted).  However, "where the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute." *Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.,* 15 Civ. 9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (internal citations omitted); *see also Perlow,* 2010 WL 4699871, at *2 ("when a plaintiff dies destitute, and his widow is not appointed the representative of his estate, the estate need not be distributed before his widow can serve as his substitute, as there is nothing to distribute");  *Roe v. City of New York,* No. 00 Civ.9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (plaintiff's parents were properly substituted as his distributees when plaintiff died intestate, did not have a wife or children, when his personal belongings were dispersed among his parents and

3

siblings, and no appointment of an executor or administrator of his estate was made by any court).

Here, Plaintiff's counsel asserts that Plaintiff was destitute at the time of his death and that his estate did not pass through New York State Surrogate's Court. (Dkt. 10-1 at 5; Dkt. 10-3 ¶¶ 5, 6). He was divorced and left two minor children, Justin Matthew Henshaw and Lincoln Brian Henshaw, who resided with their mothers, Catherine Snyder and Monica Miller Henshaw respectively. (Dkt. 10-1 at 4-5; Dkt. 10-2; Dkt. 10-4 ¶ 8; Dkt. 10-5 ¶ 8). Counsel submits that both Ms. Snyder and Ms. Henshaw, on behalf of their children, have the highest priority under the Act to be entitled to any underpayment of disability benefits in the event Plaintiff's claim is approved. (Dkt. 10-1 at 4).

The Act expressly provides for payment to survivors or heirs when the eligible person dies before any past-due benefit is completed pursuant to a specified order of priority. *See* 42 U.S.C. § 404(d). Here, Plaintiff died intestate and left no assets. (Dkt. 10-3 ¶¶ 5, 6). He was not married at the time of his death and, therefore, is not survived by a spouse. However, he was survived by two minor children, who may be eligible to receive Plaintiff's past-due benefits, if any, as his distributees. 42 U.S.C. § 404(d)(2); *see also* N.Y. E.P.T.L. § 4-1.1 (a)(3).

Catherine Snyder, the mother of Justin Matthew Henshaw, is requesting to be substituted on behalf of both Plaintiff's minor children to represent Plaintiff's claim. (Dkt. 10-4 ¶ 13). Monica Miller Henshaw consented to Ms. Snyder's appointment as a substitute and expressly waived her right to seek substitution on behalf of the Henshaw children.

4

(Dkt. 10-5 at ¶¶ 11-12). Therefore, the Court is satisfied that Catherine Snyder is a proper party for substitution to represent Plaintiff's claim on behalf of Plaintiff's children.

## CONCLUSION

Accordingly, Plaintiff's motion for substitution (Dkt. 10) is granted. The Clerk of Court is instructed to amend the case caption.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     September 14, 2022
           Rochester, New York